## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

### Alexandria Division

| | | |
|---|---|---|
| Bernard Ray Richardson, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:15cv1305 (JCC/JFA) |
| | ) | |
| Karen D. Brown, | ) | |
| Respondent. | ) | |

MEMORANDUM OPINION

Bernard Ray Richardson, a Virginia inmate proceeding pro se, has filed a petition for a

writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the latest denial of his

discretionary parole.  On February 3, 2016, respondent filed a Motion to Dismiss and Rule 5

Answer, with a supporting brief and exhibits.  Dkt. Nos. 12, 13, 14.  Petitioner was given the

opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.

1975), and he filed a response.  Dkt. Nos. 15, 16.  For the reasons that follow, petitioner's claims

must be dismissed.

### I. Background

Petitioner is in Virginia Department of Correction ("VDOC") custody based upon several

convictions.  On November 26, 1986, petitioner was convicted of statutory burglary and was

sentenced to 2 years to be served consecutively.  Dkt. No. 14, Gensinger Aff. ¶ 4.  On May 4,

1987, petitioner was convicted of: (1) statutory burglary and was sentenced to 10 years to be

served consecutively; (2) petty larceny and was sentenced to 12 months; and (3) possession of

burglary tools and was sentenced to 5 years to be served consecutively.  Id. ¶ 5.  VDOC obtained

custody over petitioner on September 16, 1987.  Id. ¶ 6.  While incarcerated in VDOC custody,

petitioner committed another offense and was convicted of assault and battery on November 15, 1988, he was sentenced to 6 months to be served consecutively. Id. ¶ 7.

On June 18, 2002, petitioner was released on mandatory parole. Id. ¶ 8. The unserved portion of his sentences (described above) totaled 2 years, 7 months, and 53 days. Id.

On May 6, 2003, petitioner returned from parole while awaiting trial on several charges he had obtained while released. Id. ¶ 9. When petitioner was returned from parole on May 6, 2003, he began serving the unserved portions of his 1986, 1987, and 1988 convictions. Id. ¶ 13. Additionally, on October 27, 2003, petitioner was convicted of driving under the influence and was sentenced to 60 days with 50 days suspended, and the remaining 10 days to be served consecutively. Id. ¶ 10. On May 4, 2004, petitioner was convicted of: (1) breaking and entering to commit larceny and was sentenced to 3 years to be served consecutively; (2) possession of burglary tools and was sentenced to 2 years to be served consecutively; and (3) petty larceny and was sentenced to 12 months to be served consecutively. Id. ¶ 11. On May 5, 2004, petitioner was convicted of: (1) three counts of statutory burglary and was sentenced to 2 years on each count, totaling 6 years to be served consecutively; and (2) petty larceny and was sentenced to 6 months to be served consecutively. Id. ¶ 12.

When offenders have a combination of parole eligible and parole ineligible sentences, they are required to first satisfy the parole ineligible sentences. Consequently, on May 4, 2004, when petitioner received parole ineligible sentences (post-1995 felony convictions), the service of the unserved portions of petitioner's 1986, 1987, and 1988 sentences were interrupted, and petitioner began serving the parole ineligible sentences. Id. ¶ 13.

On November 29, 2004, in accordance with Virginia Code § 53.1-159, the Virginia Parole Board ("VPB") officially revoked petitioner's parole and authorized that he satisfy the

unserved portion of the 1986, 1987, and 1988 sentences, consisting of his time left to serve (6 months and 30 days), and RGT-B good time credit (2 years, 1 month, and 23 days); thus, he had 2 years, 7 months, and 53 days left to serve pertaining to the 1986, 1987, and 1988 convictions. Id. ¶ 14. After petitioner satisfied his parole ineligible sentences (his post-1995 felony convictions), he resumed serving the unserved portion of his sentences authorized by the VPB when it revoked his parole on November 29, 2004. Id. ¶ 15.

Petitioner has now satisfied the remaining unserved portions of his sentences imposed by the VPB when it revoked his parole. Id. Presently, petitioner is *only* serving the misdemeanor petty larceny sentence (from October 27, 2003), which is a parole eligible sentence. Id. Thus, petitioner became eligible for parole on August 31, 2014. Id. ¶ 16.

On June 25, 2014, the VPB decided not to grant petitioner discretionary parole. Dkt. No. 14, Brown Aff. ¶ 6, En. C. The VPB explained its decision, noting petitioner's prior failure to comply with community supervision, his extensive criminal record, and his record of institutional infractions. Id. On May 5, 2015, the VPB again voted not to grant petitioner discretionary parole. Dkt. No. 17, Brown Aff. ¶ 7, En. C. During the 2015 parole review, the VPB based its decision upon the nature of petitioner's crimes, petitioner's extensive criminal record, and petitioner's serious disregard for the property rights other others. Id. The VPB plans to conduct another parole review in the second quarter of 2016 and will review all information pertaining to petitioner's case at that time. Id. ¶ 11. Petitioner's anticipated mandatory parole release date is November 4, 2016. Dkt. No. 12, Gensinger Aff. ¶ 16.

## II. Exhaustion

Exhaustion is a matter of comity to the state courts, and failure to exhaust requires dismissal from federal court so that the petitioner may present his claims to the state courts first.

3

See 28 U.S.C. 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973).  To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Thus, the petitioner must present the same factual and legal claims raised in the instant case to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition.  See Duncan v. Henry, 513 U.S. 364 (1995); Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994) ("mere similarity of claims is insufficient to exhaust" state remedies).  In reviewing federal challenges to state proceedings, "[s]tate courts, like federal courts, are obliged to enforce federal law.  Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." O'Sullivan, 526 U.S. at 844.  Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that he properly presented his claim, including the operative facts and controlling legal principles, to the state courts in accordance with the state's "chosen procedural scheme." Mallory, 27 F.3d at 995, see also Kasi v. Angelone, 300 F.3d 487, 501-01 (4th Cir. 2002).

Stated simply, in order to properly exhaust a claim prior to filing a § 2254, petitioner must have presented the same legal argument and factual support to the Supreme Court of Virginia on direct appeal, in an original jurisdiction state habeas corpus petition, or in a habeas appeal from a circuit court's denial of habeas relief.  See 28 U.S.C. § 2254(b).

### III. Procedural Default

If a state court finds, based on an adequate and independent state-law ground, that a claim is procedurally defaulted from review, then the claim is not reviewable in federal habeas. See Coleman v. Thompson, 501 U.S. 722, 729-30 (1991); Williams v. French, 146 F.3d 203, 208-09 (4th Cir. 1998) (internal citations omitted). A state procedural rule is "adequate" if it is "regularly or consistently applied by the state court," and is "independent" if its application does not depend on the federal Constitution. Williams, 146 F.3d at 209 (internal citations omitted). The only exception to this rule is if the petitioner can show cause and prejudice for the default, or a fundamental miscarriage of justice, such as actual innocence. See, e.g., Harris v. Reed, 489 U.S. 255, 262 (1989) (internal citations omitted).

## IV. Analysis

The instant petition for a writ of habeas corpus is procedurally barred from federal review because petitioner failed to exhaust all available state court remedies before seeking federal relief. In this case, petitioner admits that the only action he took to exhaust his state remedies was to appeal the VPB's May 5, 2015 decision denying him discretionary parole. See Dkt. No. 7 at 5. Petitioner never appealed the VPB's May 5, 2015 decision to any state court. Therefore, because no state court has had an opportunity to consider or decide the merits of petitioner's claim, petitioner has not exhausted his state court remedies on this issue.

A petitioner is said to have procedurally defaulted a federal habeas petition if the prisoner has failed to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Coleman, 501 U.S. at 735. Petitioner has previously raised substantially similar arguments as to whether he has satisfied his sentences in a 2014 petition for a writ of habeas corpus in the Supreme Court of Virginia. See Richardson v. Clarke, No.

140780. In that case, the Supreme Court of Virginia dismissed petitioner's petition, holding that petitioner's claims had already been raised and rejected in a previous 2008 petition for a writ of habeas corpus. See id., Final Order dated June 26, 2014. The Supreme Court of Virginia also noted that his 2014 petition was not filed within a year after the cause of action accrued, and it was therefore barred by the applicable statute of limitations enumerated in Virginia Code § 8.01-654(A)(2). Thus, in this case, even if petitioner were to attempt to exhaust his state court remedies by filing an action in state court, it too would be procedurally barred by Virginia's statute of limitations. See Hines v. Kuplinski, 591 S.E.2d 692, 693 (Va. 2004) (noting that Code § 8.01-654(A)(2) "contains no exception allowing a petition to be filed after the expiration of these limitations periods.").

Because the statute of limitations is a procedural bar that constitutes an adequate and independent state ground for barring state court proceedings, and because there is no cause to excuse the procedural default, petitioner's claim is not reviewable in federal court. Sparrow v. Dir., Dep't of Corr., 439 F. Supp. 2d 584, 587-88 (E.D. Va. 2006) (noting that dismissal of a state habeas petition under Virginia's statute of limitations constitutes and adequate and independent state-law ground). Therefore, petitioner's claims must be dismissed.

### V. Conclusion

For the above stated reasons, this petition will be dismissed. An appropriate Judgment and Order shall issue.

Entered this ___7th___ day of ___April___ 2016.

Alexandria, Virginia

/s/
James C. Cacheris
United States District Judge

6